IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:20-cr-589 |
| v. | Amended |
| GRADY SANDERS | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this <u>29th</u> day of <u>September</u>, 2020, between the United States of America, as represented by United States Attorney PETER M. MCCOY, JR., Assistant United States Attorneys Jim May and Derek A. Shoemake; the Defendant, **GRADY SANDERS**, and Defendant's attorney, JOSEPH P. GRIFFITH, JR.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

11/17/20 DAS

1. The Defendant agrees to ~~waive Indictment and arraignment, and~~ plead guilty to an Information charging, MAKING OR CAUSING TO BE MADE A FALSE STATEMENT INVOVLING A FEDERAL HEALTHCARE PROGRAM, in a misdemeanor violation of Title 42, United States Code, § 1320a-7b(a)(2)(ii).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

A. The defendant did knowingly and willfully make a false statement or representation; and

B. The statement or representation was material for use in determining rights to a benefit or payment under a Federal health care program.

1

The penalty for this offense is:

A maximum term of not more than 1 year, a fine of up to $20,000 and a term of supervised release of up to 1 year, plus a special assessment of $25.

2. Defendant further agrees to pay $85,680 in restitution at sentencing. The Defendant further understands the following:

   A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $25.00 for each misdemeanor count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

   B. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein. The Attorneys for the Government agree that the Defendant will not be prosecuted for any similar or related crimes as outlined in the Information and that the Government is bound by this agreement so long as the Defendant fulfills his obligations herein.

## Cooperation

4. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

   A. the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

   B. all additional charges known to the Government may be filed in the appropriate district;

   C. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

   D. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

5. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

6. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

   A. known to the Government prior to the date of this Agreement;

   B. concerning the existence of prior convictions and sentences;

   C. in a prosecution for perjury or giving a false statement; or

   D. in the event the Defendant breaches any of the terms of the Plea Agreement.

   E. used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

## Merger and Other Provisions

7. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and

4

receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

8. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

5

9. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

10. The Defendant understands that, upon sentencing, the District of South Carolina will report his conviction to the appropriate agencies regarding debarment. Therefore, the Defendant waives any and all challenges to the guilty plea and the sentence based on the debarment or administrative action consequences of his plea, and agrees not to seek to withdraw the guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence based on such consequences of his guilty plea. However, the District of South Carolina agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of any cooperation of the Defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

11. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

6

9/24/2020
Date

*[signature]*
**GRADY SANDERS, DEFENDANT**

9/24/2020
DATE

*[signature]*
JOSEPH P. GRIFFITH, JR. (#6673)
ATTORNEY FOR THE DEFENDANT

PETER M. MCCOY, JR.
UNITED STATES ATTORNEY *Lauren L. Hummel for*

9/29/2020
Date

**DEREK SHOEMAKE** Digitally signed by DEREK SHOEMAKE
Date: 2020.09.29 16:01:04 -04'00'

JIM MAY (#11355)
DEREK A. SHOMAKE (#10825)
ASSISTANT UNITED STATES ATTORNEY

## U. S. DEPARTMENT OF JUSTICE
### Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | |
| **DEFENDANT'S NAME:** | GRADY SANDERS |
| **PAY THIS AMOUNT:** | $25.00 |
| **PAYMENT DUE ON OR BEFORE:** | 9/29/2020    (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**

OR HAND DELIVERED TO:
**Clerk's Office**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER  (<u>Do Not send cash</u>)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*